**Thomas P. NELSON, Petitioner,**

v.

**SHERIFF OF SULLIVAN COUNTY, TENNESSEE, Respondent.**

**Civ. A. No. 2787.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Dec. 30, 1971.

---

**674**

R. Jerry Beck, Kingsport, Tenn., for petitioner.

William W. Hawkins, Kingsport, Tenn., for Sheriff of Sullivan County.

C. Jackson Rose, Asst. Atty. Gen., for Atty. Gen. and State of Tenn.

## MEMORANDUM OPINION

NEESE, District Judge.

The *pro se* application of the petitioner Mr. Nelson for the federal writ of habeas corpus was granted by this Court, on his claim that the respondent and other officers of the state of Tennessee were abridging or impairing his right to apply to this Court for such writ. See memorandum opinion and order herein of September 10, 1971. Counsel was appointed for the petitioner, as an indigent, the interests of justice so requiring. 18 U.S.C. § 3006A. An evidentiary hearing was held on September 17, 1971, and injunctive relief was awarded. See memorandum of that date herein. No evidence was received at that time on the issue of other of the petitioner's claims.

Mr. Nelson claims that mail of inmates of the Sullivan County, Tennessee jail is not seasonably posted; that deputies of the county are unduly noisy and disturb the inmates' sleep; that they curse inmates who complain of the latter fact and that the authorities " * * * have been known to put a man in the hole and bust [sic] his head for just asking the deputies to let-up on their noise * * * "; that the food served inmates leaves something to be desired; and, that the county medical authority is not always called when an inmate is ill.

These complaints as to the conditions and activities in and around the aforementioned penal institution are insufficient to state any claim of deprivation of the petitioner's federal constitutional rights. 28 U.S.C. § 2254(a). Further, there is no claim that the petitioner has exhausted rights available to him regarding such rights under Tennessee law in the courts of Tennessee. 28 U.S.C. §§ 2254(b), (c).

Finally, courts are not required to supervise the administration of prison rules and regulations and prison disciplinary procedures, such matters being left to the discretion of prison authorities so long as their conduct does not involve deprivations of the prisoners' constitutional rights and is not clearly capricious or arbitrary. Cooke v. Tramburg (1964), 43 N.J. 514, 205 A.2d 889, 12 A.L.R.3d 1269, 1272[4].

The petitioner Mr. Nelson hereby is denied all further relief on the merits of his application. Rule 58, Federal Rules of Civil Procedure.